IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DAVID JACKSON, #39640**                                                              **PLAINTIFF**

**v.**                                                 **CIVIL NO. 1:22-cv-00189-HSO-BWR**

**JOHN DOE**                                                                           **DEFENDANT**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

## I. BACKGROUND

On July 22, 2022, pro se Plaintiff David Jackson ("Plaintiff") filed this civil action challenging the conditions of his confinement at the South Mississippi Correctional Institute ("SMCI") in Leakesville, Mississippi. Compl. [1] at 1-3. He complains about various jail conditions, including the food service and medical care provided at SMCI. *Id*. Plaintiff has not sought leave to proceed *in forma pauperis*.

On July 25, 2022, the Court provided Plaintiff with preliminary information relevant to his lawsuit under the Prison Litigation Reform Act, 28 U.S.C. § 1915, *et seq*. Order [2]. Plaintiff was directed, "that if he . . . wants to continue with this case," he must "sign the Acknowledgement (Form PSP-3) and return it to the Clerk of Court within thirty (30) days." *Id*. at 1. Alternatively, Plaintiff was directed, "that if he . . . wants to dismiss this case," he must "sign the Notice of Voluntary Dismissal (Form PSP-4) and return it to the Clerk of Court within thirty (30) days."

*Id*. Plaintiff was warned that "failure to return one or the other of the forms within thirty (30) days and . . . failure to advise this court of a change of address . . . may result in this case being dismissed sua sponte, without prejudice, without further written notice." *Id*. at 2. That Order [2] was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable. Plaintiff did not respond within the 30-day deadline.

On September 1, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's July 25 Order. Order [4]. He was directed to file a written response on or before September 15, 2022. *Id*. at 1. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id*. at 2. The Order to Show Cause [4] was mailed to Plaintiff at his last-known address, and it was not returned to the Court as undeliverable. Again, Plaintiff did not comply with the Court's Order by the September 15 deadline.

On September 28, 2022, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [4] [2]." Order [5] at 2. Plaintiff was ordered to file a written response on or before October 12, 2022. *Id*. He was also directed, on or before the October 12 deadline, to comply with the Court's July 25 Order by following the instructions contained therein. *Id*. Plaintiff was again warned "[t]hat failure to timely comply with the requirements of this Order or to

2

advise the Court of a change of address . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id.* (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [4] [2]." *Id.* That Order [5], with copies of the Court's July 25 and September 1 Orders, was mailed to Plaintiff at his last-known mailing address. These documents were not returned to the Court as undeliverable.

To date, Plaintiff has not responded to the Court's July 25, September 1, or September 28 Orders [2], [4], [5] or otherwise contacted the Court about his case. He has not taken any action in this case since he filed this lawsuit on July 22, 2022.

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

3

Plaintiff did not comply with three Court Orders [2], [4], [5], after being warned multiple times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [5] at 2; Order to Show Cause [4] at 2; Order [2] at 2.  Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since July 22, 2022—when he filed this lawsuit.  Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit.  Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this 18th day of October, 2022.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE